IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY NICOLE MIKULA, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 17-24-E
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 28th day of March, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (<u>citing</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to properly evaluate whether she met Listing 11.07 at Step Three of the sequential process based on her cerebral palsy. The Court disagrees, and finds that substantial evidence supports the ALJ's decision.

The version of Listing 11.07 in effect at the relevant time provided that to meet the listing for cerebral palsy, it must be established that Plaintiff has been so diagnosed, and that she meets the criteria of one of four additional subsections. (The Court notes that this listing was revised significantly effective September 29, 2016. <u>See</u> Revised Medical Criteria for Evaluating Neurological Disorders, 81 F.R. 43048-01, 2016 WL 3551949 (July 1, 2016). However, this Court will review the ALJ's decision using the rules in effect at the time the decision was issued. <u>See</u> <u>id.</u> at 43051 n.6.) Plaintiff relies on subsection D, which requires "[d]isorganization of motor function as described in 11.04B." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.07 (2016). Pursuant to Listing 11.04B, disorganization of motor function requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting sustained disturbance of gross and dexterous movements, or gait and station." <u>Id.</u> at § 11.04B (2016).

> *Persistent disorganization of motor function* in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands and arms.

<u>Id.</u> at § 11.00C.

While the ALJ did specifically discuss and find that Plaintiff did not meet Listing 11.07, Plaintiff suggests that there is sufficient evidence in the record to necessitate a more thorough analysis by the ALJ. She points to examples in the record, largely from the consultative examinations performed by John C. Kalata, D.O., on September 7, 2012, and November 7, 2013, that demonstrate a history of gait and motor difficulties such as spasticity of the lower extremities and footdrop. (R. 401, 420, 422, 516-18, 626). She argues that, in light of this evidence, the ALJ's conclusory discussion regarding Listing 11.07 was insufficient and requires remand. The Court disagrees.

There is no question that an ALJ has an obligation at Step Three of the sequential process to fully develop the record and provide adequate analysis in regard to whether a claimant meets a listing. <u>See</u> <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 120 (3d Cir. 2000). However, as the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                                            s/Alan N. Bloch
                                                                            United States District Judge

ecf:            Counsel of record

---

Third Circuit Court of Appeals has explained, Burnett does not require an ALJ to employ any specific language or format in discussing the listings at Step Three, but rather requires that ALJ "to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In determining whether the ALJ has done so, the Court is to look at the decision as a whole to see whether it illustrates that the ALJ considered the proper factors in reaching his or her conclusion. See id.

     Therefore, although Plaintiff focuses on the one paragraph in the ALJ's lengthy decision that expressly discusses Listing 11.07 (R. 25), looking at the decision as a whole gives a very different perspective on the adequacy of the ALJ's evaluation. To start, the ALJ considered not just Listing 11.07, but also other potential listings at Step Three either containing the same requirement of persistent disorder of motor function (*e.g.*, Listing 9.00) or a similar requirement regarding the need to effectively ambulate (*e.g.*, Listing 1.02). (R. 24). The ALJ pointed out that no treating or examining physician had opined that Plaintiff met any listing, nor had her counsel asserted that she met any at the hearing. He discussed the fact that Plaintiff does not use an assistive device to ambulate, that clinical findings have shown normal sensation and strength in the lower extremities, and that her activities of daily living, including driving, shopping, and cleaning, demonstrate that she does not suffer from listing-level ambulatory or motor issues. He also noted Plaintiff's relatively conservative treatment. (R. 24-25). These are all proper factors to consider in determining whether Plaintiff exhibits significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station, as required by Listings 11.07 and 11.04B. See Scuderi v. Comm'r of Soc. Sec., 302 Fed. Appx. 88, 90 (3d Cir. 2008); Gunder v. Astrue, No. 4:11-cv-00300, 2012 WL 511936, at *14 (M.D. Pa. Feb. 15, 2012).

     Moreover, the ALJ *expressly* stated in his Step Three analysis that the evidence pertaining to those issues would be further developed in his discussion of Plaintiff's residual functional capacity. (R. 25). In that section of the decision, the ALJ discussed the evidence of record at great length, including the objective medical findings, Plaintiff's treatment history, her activities of daily living, and her subjective complaints. He acknowledged the evidence demonstrating that Plaintiff had some problems with gait, balance, and motor function, but explained that other record evidence demonstrated that these issues were not so severe as to render her disabled. (R. 27-39). His discussion was more than sufficient to allow for judicial review, and the Court finds that substantial evidence supports his findings.